# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LLOYD KUNTZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:03CV 1805RWS(LMB) |
| ) | |
| KELLY LOCK, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on the petition of Lloyd Kuntz for a writ of habeas corpus under 28 U.S.C. § 2254. This cause was referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b).

### Procedural History

Petitioner is presently incarcerated at the Central Missouri Correctional Center in Jefferson City, Missouri, pursuant to the sentence and judgment of the Circuit Court of Warren County, Missouri. See Respondent's Exhibit 1 at 11-12. On November 7, 2001, petitioner pled guilty to domestic assault in the second degree, and was sentenced as a persistent offender to eight years imprisonment. See id. The trial court retained jurisdiction for 120 days pursuant to Section 559.115 RSMo.

Petitioner filed a petition for a writ of habeas corpus in the Circuit Court of Cole County on April 4, 2002. See Resp't Ex. 1 at 1-8. Petitioner claimed that his guilty plea was involuntary because it was induced by a promise that he would be released on probation after 120 days. See id. Petitioner also argued that he was denied his constitutional right to appeal the involuntary plea. See

-1-

id. The Circuit Court of Cole County denied the petition on May 28, 2002. See id. at 39-40. Petitioner then filed a petition for a writ of habeas corpus in the Missouri Court of Appeals for the Western District, which was denied on June 24, 2003. See id. at 41. Finally, petitioner filed a petition for a writ of habeas corpus in the Supreme Court of Missouri, which was denied on September 30, 2003. See id. at 42.

On December 23, 2003, petitioner, pro se, filed a petition for a writ of habeas corpus in this court, raising two grounds for relief. (Doc. No. 2). In his first ground for relief, petitioner argues that he received ineffective assistance of counsel in that plea counsel failed to file a notice of appeal. In his second ground for relief, petitioner contends that his guilty plea was involuntary in that he was promised that he would be released on probation after 120 days. In his Response, respondent argues that petitioner's claims are meritless. (Doc. No. 10). Petitioner has also filed a Traverse, in which he provides further argument in support of his petition. (Doc. No. 11).

## Discussion

**A.  Standard of Review**

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2254(d), which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court construed Section 2254(d) in Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000). With respect to the "contrary to" language, a majority of the Court held that a state court decision is contrary to clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or if the state court "decides a case differently than [the] Court has on a set of materially indistinguishable facts." Id. at 405, 120 S. Ct. at 1519. Under the "unreasonable application" prong of § 2254(d)(1), a writ may issue if "the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies [the principle] to the facts of the particular state prisoner's case." Id. Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 410, 120 S. Ct. at 1521. Although the Court failed to specifically define "objectively unreasonable," it observed that "an unreasonable application of federal law is different from an incorrect application of federal law." Id. at 410, 120 S. Ct. at 1522.

**B.  Petitioner's Claims**

Petitioner alleges two grounds for relief. The undersigned will address each claim in turn.

**1.  Ground One**

In his first ground for relief, petitioner argues that he received ineffective assistance of counsel in that his plea counsel "abandoned" him and failed to consult with him regarding a direct appeal. Petitioner contends that due to counsel's failure to advise him regarding an appeal, he was denied his right to appeal. Petitioner claims that had counsel advised him on the right to appeal, he would have raised the issue of "jurisdictional defects" on direct appeal. Respondent argues that petitioner's claim

is meritless, as petitioner's guilty plea waived his right to appeal but for rare circumstances that do not exist in this case.

"As a general rule, [a] defendant's knowing and intelligent guilty plea forecloses 'independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'" Weisberg v. Minnesota, 29 F.3d 1271, 1279 (8th Cir. 1994) (quoting United States v. Vaughan, 13 F.3d 1186, 1187 (8th Cir. 1994). A petitioner may only attack the voluntariness of the plea, showing that counsel's advice was defective. See Hanson v. Passer, 13 F.3d 275, 281 (8th Cir. 1994). "When a defendant is represented by counsel during the plea process and enters a plea upon counsel's advice, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" Blalock v. Lockhart, 977 F.2d 1255, 1257 (8th Cir. 1992) (quoting Hill v. Lockhart, 474 U.S. 52, 56, 106 S. Ct. 366, 369, 88 L.Ed.2d 203 (1985)).

The test enunciated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984), applies to the determination of whether assistance of counsel during the plea process was constitutionally ineffective. See Hill, 474 U.S. at 57, 106 S. Ct. at 369-70. To successfully assert an ineffective assistance of counsel claim, a petitioner must show that (1) his attorney's performance was deficient in that he failed to exercise the customary skill and diligence that a reasonably competent attorney would manifest under similar circumstances, and (2) the deficient performance prejudiced the defense. See Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. A petitioner must show that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed by Sixth Amendment." Id. Prejudice is shown by demonstrating a reasonable probability that, but for counsel's errors, the petitioner would not have pled guilty and would have insisted on a trial. See Hill, 474 U.S. at 59, 106 S. Ct. at 370.

Petitioner raised this same claim in his state petition for a writ of habeas corpus, and the Circuit Court of Cole County found petitioner's claim lacked merit. See Resp't Ex. 1 at 39-40. Petitioner claims that the grounds upon which he would attack his conviction were "non-frivolous" and that the record would have revealed "jurisdictional defects." In his Traverse, petitioner contends that the court lacked both personal jurisdiction and subject matter jurisdiction. The Missouri Constitution confers subject matter jurisdiction "over all cases and matters, civil and criminal" on circuit courts. Art. V, section 14. A defendant waives personal jurisdiction when she is before the court and fails properly to raise the issue. Shapiro v. Brown, 979 S.W.2d 526, 529 (Mo. Ct. App. 1998).

Petitioner pled guilty in the Circuit Court of Warren County, Missouri to the criminal charge of second degree assault. See Resp't Ex. 1 at 22-35. As such, the Circuit Court of Warren County clearly had subject matter jurisdiction. Petitioner did not challenge the personal jurisdiction of the trial court. Petitioner acknowledged that he was aware of the elements of the charged offense and admitted to them. See id. at 27-29. Thus, petitioner's claim of alleged jurisdictional defects lacks merit. Further, petitioner does not demonstrate how his plea counsel's failure to advise him regarding an appeal affected the voluntariness of his plea. For these reasons, petitioner fails to show that his plea counsel was deficient or that he was prejudiced thereby.

Accordingly, the undersigned recommends that this ground for relief be denied.

**2.     Ground Two**

In his second ground for relief, petitioner claims that his guilty plea was involuntary, unintelligent, and unknowing. Petitioner contends that he was induced to plead guilty because he was promised probation if he behaved well in prison. Respondent argues that petitioner knew that the court could impose any sentence within the statutory range.

First, the record on its face tends to refute petitioner's claims of involuntariness of his plea. "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the [petitioner's] representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (quoting Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985)). A state court's factual findings regarding the plea are presumed to be correct so long as they are fairly supported by the record. See Bivens v. Groose, 28 F.3d 62, 63 (8th Cir. 1994).

At the guilty plea hearing, the court carefully questioned petitioner to ensure that his plea was taken voluntarily:

> THE COURT: Do you understand that you have the right not to say anything that might incriminate you in this case but that by pleading guilty you are making an incriminating statement and the presumption that you are innocent is lost to you?
>
> [PETITIONER]: Yes.
>
> THE COURT: And understanding all of those things do you still wish to plead guilty?
>
> [PETITIONER]: Yes.
>
> THE COURT: Do you understand, then, that by pleading guilty you are admitting the essential elements of the charge against you? In other words, you're admitting that on August 9th, 2001, here in Warren County you attempted to cause physical injury to Dawn M. Flynn by punching and choking her and that Miss Flynn and you were a family or household members who resided in the same household?
>
> [PETITIONER]: Yeah.
>
> ...
>
> THE COURT: Have any threats or promises been made to cause you to plead guilty?
>
> [PETITIONER]: No.
>
> THE COURT: Has anyone made any promise about what sentence you will receive?
>
> [PETITIONER]: No.

THE COURT: Do you understand that no one can promise what your sentence will be and I can impose any sentence within the range of punishment permitted by law, which is everything the same except it's up to ten?

[PROSECUTOR]: Twenty.

THE COURT: Twenty. All right.

[PETITIONER]: Twenty.

THE COURT: The range of punishment in the case, then, is one year up to twenty years in the penitentiary, one day up to one year in jail, a fine of one dollar up to five thousand dollars or a jail sentence and a fine. Do you understand?

[PETITIONER]: Yes.

THE COURT: Are you under the influence of any drugs or alcohol right now?

[PETITIONER]: No.

THE COURT: How much education do you have, Mr. Kuntz?

[PETITIONER]: I have tenth grade, GED.

THE COURT: Have you been able to understand all my questions?

[PETITIONER]: Yes.

Resp't Ex. 1 at 28.

Similarly, the record also refutes petitioner's argument that he was induced to plead guilty because the sentencing court informed him that if he behaved well in prison and did not get in any fights, he would be placed on probation. The following exchange occurred at petitioner's sentencing hearing:

THE COURT: ...What is the plea agreement?

[PROSECUTOR]: Your Honor, the State's recommending eight years in the Missouri Department of Corrections. The Court retaining jurisdiction for a hundred twenty days in the treatment program. If the Court would bring him back out that he would be go through the anger management and counseling, be put back on probation.

One other thing I wanted to state for the Court, part of the State's evidence would be that he does have three prior felony convictions which occurred on different dates which the Court went over with him previously.

[DEFENSE COUNSEL]: Judge, he has not been screened for treatment. He did not want to go to treatment. I don't think the treatment was at least on the letter that you sent me, [prosecutor]. He was just asking for hundred twenty day shock, Judge, in the general population.

THE COURT: Well, I don't have a big problem doing that. I'm not. I will just say for the record that there have been a couple of occasions this year that I have not released people at the end of a hundred twenty days that have not gone to treatment because I wasn't too excited about the reports I got.

[DEFENSE COUNSEL]: I understand that. He understands if his report is not good no matter where he goes that chances of being released are nil. Right?

[PETITIONER]: Yeah.

[DEFENSE COUNSEL]: Wherever you go if you get a bad report, if you get in trouble if you get in fights.

[PETITIONER]: I understand that.

[DEFENSE COUNSEL]: That the judge most likely will not put you back on probation?

[PETITIONER]: I understand.

THE COURT: [Petitioner], was that your understanding of the plea agreement?

[PETITIONER]: At least for the shock.

THE COURT: Well, it's not really shock.

[DEFENSE COUNSEL]: Not treatment.

[PETITIONER]: Not the treatment. Is what I understand.

Resp't Ex. 1 at 29-31.

Petitioner raised this same claim in his petition for a writ of habeas corpus filed in the state courts. The Circuit Court of Cole County held as follows:

> After a review of petitioner's petition, and respondent's response, it is the opinion of this Court that there was no breach of the plea agreement. Petitioner was never promised

> release[] pursuant to §559.115, RSMo. 2000. Instead, the guilty plea transcript submitted with respondent's response shows that the prosecutor recommended the trial court retain jurisdiction pursuant to §559.115. Petitioner was informed by the trial court that if it did not receive a good report, petitioner would not be placed on probation. The report submitted to the trial court and submitted to with respondent's response recommended that probation be denied.

Resp't Ex. 1 at 39.

The record reveals that petitioner was indeed informed of the possibility of release under Missouri Revised Statutes § 559.115, which allowed the court to consider probation for petitioner within 120 days of the beginning of his incarceration. The sentencing judge made clear, however, that he would not release petitioner on probation if he was not satisfied with the report he received. The report sent by the Department of Corrections recommended against probation due to petitioner's inability to adhere to community supervision and his previous incarcerations. See Resp't Ex. 1 at 37. The report indicated that although petitioner had not received any conduct violations, he had also not participated in any programs. See id. Plea counsel cited getting in trouble and getting in fights, along with receiving a bad report, as examples of events that could trigger the judge's decision to deny probation. Neither the sentencing judge nor counsel promised petitioner that he would receive probation if he did not get in any fights. Rather, the record reveals that the sentencing judge merely promised petitioner that he would consider probation.

Accordingly, the undersigned recommends that petitioner's second ground for relief be denied.

### C. **Certificate of Appealability**

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right. See 28 U.S.C. § 2253(c)(2); Hunter v. Bowersox, 172 F.3d 1016, 1020 (8th Cir. 1999). A substantial showing is established if the issues are debatable

among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)); Tokar v. Bowersox, 1 F. Supp.2d 986, 1016 (E.D. Mo. 1998). In this case, petitioner has failed to make a substantial showing of the denial of a constitutional right. The undersigned is not persuaded that the issues raised in his petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, the undersigned recommends that no certificate of appealability be issued.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the petition of Lloyd Kuntz for a writ of habeas corpus under 28 U.S.C. § 2254 be **denied.**

**IT IS FURTHER RECOMMENDED** that no certificate of appealability be issued.

The parties are advised that they have eleven (11) days, until January 29, 2007, to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

Dated this  16th  day of January, 2007.

_Lewis M. Blanton_
LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE